UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JORDAN M. FRANKS,

    Plaintiff,

  v.                                                            Case No. 19-CV-1299

ANDREW SAUL,
**Commissioner of Social Security,**

    Defendant.

---

## DECISION AND ORDER ON MOTION TO ALTER JUDGMENT

---

On September 16, 2020, I reversed the decision of the Commissioner of the Social Security Administration and remanded Jordan Frank's case for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four, on the grounds that the ALJ improperly considered the Section I findings on the mental residual functional capacity form in determining Frank's RFC. Presently before me is the Commissioner's motion to alter the judgment pursuant to Fed. R. Civ. P. 59(e). (Docket # 24) For the reasons I explain below, the Commissioner's motion is denied.

Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard,

misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

The Commissioner does not present newly discovered evidence, nor does he argue the decision contains a manifest error of law. Rather, the Commissioner argues that the decision relied too heavily on the district court decision of *Hoeppner v. Berryhill*, 399 F. Supp. 3d 771 (E.D. Wis. 2019) and failed to consider more recent, mostly unpublished, Seventh Circuit decisions. (Docket # 25 at 4–6.) The Commissioner does not contend that the ALJ's decision should be affirmed; rather, he argues that this Court's decision and order should be amended and altered to reflect that the ALJ's RFC assessment properly accounted for a moderate rating in concentration, persistence, or pace, or alternatively, the decision should be amended to reflect that: (1) the Section I (workbook) ratings need not be directly included in the RFC where the state agency psychologists' narrative findings adequately translated those ratings into specific workplace abilities and limitations; and (2) there is no bright-line rule that limitations to simple, routine tasks and limited interactions with others are insufficient to accommodate a moderate rating in the area of concentration, persistence, or pace. (*Id.* at 1–2.)

What the Commissioner requests is improper under Rule 59(e). Rule 59(e) is meant to correct *manifest errors* of law. The Commissioner has shown no such manifest error. Although I found the district court's reasoning in *Hoeppner* persuasive, my decision rested on controlling

2

Case 1:19-cv-01299-NJ   Filed 11/30/20   Page 2 of 3   Document 26

misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

The Commissioner does not present newly discovered evidence, nor does he argue the decision contains a manifest error of law. Rather, the Commissioner argues that the decision relied too heavily on the district court decision of *Hoeppner v. Berryhill*, 399 F. Supp. 3d 771 (E.D. Wis. 2019) and failed to consider more recent, mostly unpublished, Seventh Circuit decisions. (Docket # 25 at 4–6.) The Commissioner does not contend that the ALJ's decision should be affirmed; rather, he argues that this Court's decision and order should be amended and altered to reflect that the ALJ's RFC assessment properly accounted for a moderate rating in concentration, persistence, or pace, or alternatively, the decision should be amended to reflect that: (1) the Section I (workbook) ratings need not be directly included in the RFC where the state agency psychologists' narrative findings adequately translated those ratings into specific workplace abilities and limitations; and (2) there is no bright-line rule that limitations to simple, routine tasks and limited interactions with others are insufficient to accommodate a moderate rating in the area of concentration, persistence, or pace. (*Id.* at 1–2.)

What the Commissioner requests is improper under Rule 59(e). Rule 59(e) is meant to correct *manifest errors* of law. The Commissioner has shown no such manifest error. Although I found the district court's reasoning in *Hoeppner* persuasive, my decision rested on controlling

2

Case 1:19-cv-01299-NJ   Filed 11/30/20   Page 2 of 3   Document 26

misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

The Commissioner does not present newly discovered evidence, nor does he argue the decision contains a manifest error of law. Rather, the Commissioner argues that the decision relied too heavily on the district court decision of *Hoeppner v. Berryhill*, 399 F. Supp. 3d 771 (E.D. Wis. 2019) and failed to consider more recent, mostly unpublished, Seventh Circuit decisions. (Docket # 25 at 4–6.) The Commissioner does not contend that the ALJ's decision should be affirmed; rather, he argues that this Court's decision and order should be amended and altered to reflect that the ALJ's RFC assessment properly accounted for a moderate rating in concentration, persistence, or pace, or alternatively, the decision should be amended to reflect that: (1) the Section I (workbook) ratings need not be directly included in the RFC where the state agency psychologists' narrative findings adequately translated those ratings into specific workplace abilities and limitations; and (2) there is no bright-line rule that limitations to simple, routine tasks and limited interactions with others are insufficient to accommodate a moderate rating in the area of concentration, persistence, or pace. (*Id.* at 1–2.)

What the Commissioner requests is improper under Rule 59(e). Rule 59(e) is meant to correct *manifest errors* of law. The Commissioner has shown no such manifest error. Although I found the district court's reasoning in *Hoeppner* persuasive, my decision rested on controlling

Seventh Circuit's precedent in *DeCamp v. Berryhill*, 916 F.3d 671 (7th Cir. 2019) and *Yurt v. Colvin*, 758 F.3d 850, 858–59 (7th Cir. 2014). Unless and until the Seventh Circuit overturns these decisions, failure to consider subsequent unpublished Seventh Circuit cases does not constitute a manifest error of law. Given the Commissioner has failed to show a manifest error of law or fact, there is no basis on which to alter or amend the judgment pursuant to Rule 59(e). The Commissioner's motion for reconsideration is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion to alter the judgment (Docket # 24) is **DENIED**.

Dated at Milwaukee, Wisconsin this 30th day of November, 2020.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge